# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| ROBERT GEORGE SAADE, JR. | ) |
| | ) |
| | ) |
| Plaintiff | ) |
| vs. | ) CIVIL ACTION FILE NO.: |
| | ) |
| | ) |
| FIA CARD SERVICES, N.A. | ) |
| AND KEVIN Z. SHINE, PLLC. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR VIOLATIONS OF 47 U.S.C. § 227 *et seq.* THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) AND THE FAIR DEBT COLLECTION PRACTICES ACT [FDCPA], 15 U.S.C. §§ 1692 ET SEQ.

**COMES NOW,** ROBERT GEORGE SAADE, JR. (Plaintiff), and sues Defendant, FIA CARD SERVICES, N.A., (Defendant), a credit card issuer and servicer for a national banking association, and KEVIN Z. SHINE, PLLC, (Defendant), an attorneys office acting as a collection agent for FIA, and alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to Telephone Consumer Protection Act [TCPA], 47 U.S.C. § 227, the regulations proscribed thereunder, 47 C.F.R. § 64.1200, and the Fair Debt Collection Practices Act [FDCPA], 15

U.S.C. §§ 1692 et seq.

2.  Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1337 (federal question jurisdiction) and U.S.C. § 1332 (diversity of citizenship jurisdiction).

**PARTIES**

3.  Plaintiff, ROBERT GEORGE SAADE, JR. is a natural person and resident of Henry County, State of Georgia, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and is a "person" as provided by 47 U.S.C. § 227(b)(1).

4.  Defendant FIA CARD SERVICES, N.A. together with its collecting agents ("Defendant" or "FIA"), whose headquarters and principal place of business is located in Delaware, doing business in the State of Georgia is a "creditor" as that term is defined by 15 U.S.C. § 1692a(4), and is a "person" as provided by 47 U.S.C. § 227(b)(1).

5.  Defendant, KEVIN Z. SHINE, PLLC ("Defendant" or "Shine), whose headquarters and principal place of business is located in New York, doing business in the State of Georgia is a "creditor" as that term is defined by 15

U.S.C. § 1692a(4), and is a "person" as provided by 47 U.S.C. § 227(b)(1).

6. All conduct of Defendants alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendants, and/or knew in advance that the Defendants were likely to conduct itself and allowed it to so act with conscious disregard of the rights and safety of others.  The conduct alleged herein was despicable, fraudulent, oppressive, and done knowingly with intent, with malice, and without cause.

7. The Defendants' communications set forth below were made only to exhaust the unpaying and resisting Debtor's will in an attempt to break the Debtor and have Debtor pay amounts owed long after the Debtor was given all necessary information and persuasion and negotiation failed, as demonstrated by Debtor expressly communicating to the Defendants to stop calling him.

8. The Defendants' communications set forth below are wholly without excuse.

9. At all times mentioned herein, the agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendants.  Each such

entity acted as a co-actor in an enterprise to unlawfully attempt to collect debts from Debtor.

## FACTUAL ALLEGATIONS

10.     Debtor is alleged to owe Defendant FIA debts (the "Alleged Debt") in the amount of over $6,000.00 on two Bank of America Credit Cards issued and serviced by FIA.

11.     Defendants made multiple collection calls each day on multiple days in multiple weeks over multiple months from November, 2011 through present (the "Collection Calls") to Debtor and Debtor's extended family attempting to collect the Alleged Debt.

12.     Defendants made at least three to four Collection Calls to Debtor's cell phone each day, every day of the week.

13.     Defendants made at least three or four Collection Calls to Debtor's cell phone each day after Debtor told Defendants that Debtor could not pay the Alleged Debt.

14.     Defendants made three to four Collection Calls to Debtor's cell

phone each day after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt.

15. The telephone calls to Plaintiff's cellular telephone number were knowingly and/or willfully initiated using an automatic telephone dialing system.

16. The natural consequence of Defendants' illegal telephone calls to Plaintiff's cellular telephone number is to harass, oppress or abuse the Plaintiff.

17. Defendants' telephone calls violate the Fair Debt Collection Practices Act.

18. Defendants' telephone calls violate the Telephone Consumer Protection Act.

### COUNT I

**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C.**
***§ 227 et seq.* AS TO DEFENDANTS FIA AND SHINE**

19. The Plaintiff hereby incorporates all of the above allegations as if specifically set forth verbatim herein.

20. Defendants, in the conduct of their business, use an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Debtors.

21. Section 47 U.S.C. § 227(b)(J)(A)(iii) provides in pertinent part: It shall be unlawful for any person within the United States –

>   (A) to make any call using any automatic telephone system or an artificial or prerecorded voice --
>
>   (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

22. Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendants: (1) made multiple collection calls each day on multiple days in multiple weeks over multiple months to Debtor attempting to collect the Alleged Debt; (2) made three to four Collection Calls to Debtor's cell phone each day, every day of the week, for a total of more than fifty Collection Calls to Debtor's cell phone after Debtor told Defendants to stop calling him; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; and (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling him regarding the Alleged Debt; which is Defendants' use of an automatic telephone dialing system to make multiple Collection Calls to Debtor on Debtor's personal

cell phone after Debtor told Defendants that Defendants did not have permission to call Debtor.

23. Defendants willfully, knowingly, and intentionally made multiple Collection Calls to Debtor's personal cell phone utilizing an automatic telephone dialing system after Debtor told Defendants that Defendants did not have permission to call Debtor.

24. All conditions precedent to this action have occurred, have been satisfied or have been waived.

25. As a result of the above violation of the TCPA, Defendants are liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

26. Based upon the willful, knowingly, and intentional conduct of the Defendants as described herein, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

## COUNT II

# VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT [FDCPA], 15 U.S.C. §§ 1692 ET SEQ. AS TO DEFENDANTS FIA AND SHINE

27.     The Plaintiff hereby incorporates all of the above allegations as if specifically set forth verbatim herein.

28.     The acts of Defendants constitute violations of the Fair Debt Collection Practices Act.  Defendants' violations of the FDCPA include, but are not limited to, the following:

29.     Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

30.     Taking an action that cannot legally be taken, in violation of 15 U.S.C. § 1692e(5); and

31.     The use of unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692(f).

32.     As a result of Defendants' actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests this court to enter a judgment against the Defendants:

a)      That Plaintiff be awarded statutory damages;

b)      That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c)      That the Court declare each and every defense raised by Defendants to be insufficient; and

d)      That the Court grant such further and additional relief as is just and right under the circumstances.

Respectfully submitted this 27th day of August, 2012

WINDHAM & ASSOCIATES, P.C.

_____/S/_____
Ben F. Windham
GA Bar No. 770195
Attorney for Plaintiff

Windham & Associates, P.C.
239 Village Center Pkwy., Ste. 170
Stockbridge, Georgia 30281
(678) 565-8686
(678) 565-8949

## FONT AND POINT CERTIFICATION

Under Local Rule 7.1D, Plaintiff's counsel certifies that this COMPLAINT has been prepared using double-spaced Times New Roman at 14 point, unless otherwise permitted by Local Rule 5.1C.

Respectfully submitted this 27th day of August, 2012.

WINDHAM & ASSOCIATES, P.C.

_____/S/_____
Ben F. Windham
GA Bar No. 770195
Attorney for Plaintiff

**Windham & Associates, P.C.**
239 Village Center Pkwy., Ste. 170
Stockbridge, Georgia 30281
(678) 565-8686
(678) 565-8949